FILED
MAY 22 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANTHONY SASSO,<br>Defendant. | Case No. 3:02-CR-046-WHA-1<br>*Hon. Judge Williaim Alsup* |

**REBUTTAL TO GOVERNMENT OPPOSITION**
**RE: MOTION TO TERMINATE REMAINING SUPERVISED RELEASE**

NOW COMES the Defendant ANTHONY SASSO, appearing *pro se*, and respectfully submits to the Court this rebuttal to the government's opposition response (CR 254)[1] to my second motion to terminate supervised release (CR 253) pursuant to 18 U.S.C. §3583(e)(1).

A hearing for oral arguments is requested in this matter per Fed R. Crim. P. 32.1(c)(1), but such hearing is waived, in necessary or proper, given this Court's previous decision.

## Case History

1. This Court sentenced me on June 15, 2004 to a term of 168 months of imprisonment followed by 5 years of supervised release. (CR 177). This sentence came after I pleaded guilty to Conspiracy to Manufacture and Possess with Intent to Distribute Marijuana, Manufacturing of Marijuana, Conspiracy to Launder Monetary Instruments, and Laundering of Monetary Instruments.[2]

1 "CR" followed by a number references the PACER docket entry number in this Court's record.

2 In violation of Title 21 U.S.C. §846, 21 U.S.C. §841(a)(1), 18 U.S.C. 1956(h), and 18 U.S.C. §1956(a)(1)(A)(i) respectively.

2. My first request for relief was denied February 17, 2016 (CR 251). Pursuant to that order, I was given leave to re-submit for such a termination request after the expiration of 42 months of supervision.

3. This rebuttal serves as clarification of tolling, pointing to a miscalculation by the government (and USPO) in their response, *id.*

## Discussion of Tolling Dates

4. Attached as an exhibit to my second motion for early termination is a recording of the BOP record of release, showing my release from BOP custody as February 7, 2014 (CR 253 at 5). This is my official release date, and therefore the starting date of my supervision.

5. Given this release date, the 42-month milestone as given by this Court would occur on August 7, 2017, or about 90 days from now.

6. However, the government asserts, with no supporting documentation, that my supervision started on March 28, 2014, seven weeks after the published date of my supervision commencement. I challenge that assessment here.

7. Seven weeks may seem a short term to the Government, but such is not the case for former inmates that simply want to move on with their life. This is important enough to me to submit this rebuttal. I ask the court to recognize the release date, as shown by the BOP database, and respectfully request an order of release on or about August 7, 2017.

## In-Depth Discussion of Probationary Policy

8. Monograph 109 informs probation officers that they "**should consider the suitability of early termination for offenders as soon as they are statutorily eligible.**"

9. When making this determination, the 9 general criteria for making a recommendation to the court for early termination are found in subsection (b):

*(1) Stable community reintegration;*
*(2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision;*
*(3) No aggravated role in the offense of conviction, particularly large drug or fraud offenses;*
*(4) No history of violence;*
*(5) No recent arrests or convictions;*
*(6) No recent evidence of alcohol or drug abuse;*
*(7) No recent psychiatric episodes;*
*(8) No identifiable risk to the safety of any identifiable victim; and,*
*(9) No identifiable risk to public safety based on the Risk Prediction Index."*

10. Later in that same section it states that failure to meet all criteria listed should not automatically exclude an offender from further consideration (§§d), and there is a presumption in favor of recommending early termination for probationers and supervised releasees who have been supervised for at least 18 months[3] and are free from any moderate or higher violations.

**CONCLUSION**

Based upon the reasons and factors discussed in this motion, I respectfully request that this Court recognize August 7, 2017 as my 42-month marker and order my release from supervision on or about that date.

Respectfully submitted on this 16 day of May, 2017

/s/ Anthony Sasso

ANTHONY SASSO
*Pro Se* Defendant, Movant

---

3 Adding some crime category stipulations. For completeness' sake and full disclosure, one of the crime categories listed in this section Is drug offenders. Depending on the reading of that section my crime of conviction may or may not apply to this caveat.